*Moorby v. Heller*, 507-8-16 Wncv (Teachout, J., Jan. 17, 2018).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 507-8-16 Wncv**

**JAMIE MOORBY**

**v.**

**JOAN HELLER**

### Plaintiff's Amended Motion to Compel Discovery, filed November 27, 2017 (MPR #5)

Plaintiff Jamie Moorby claims that she was injured when Defendant Joan Heller, operator of the car in which they were traveling, drove off the side of the road and crashed the car. She claims that the circumstances entitle her to punitive as well as compensatory damages. In connection with her punitive damages claim, she sought discovery regarding Ms. Heller's wealth. Ms. Heller has resisted those efforts, causing Ms. Moorby to file this motion.

The parties dispute whether Plaintiff should be required to make a threshold showing of a basis for punitive damages before being able to conduct wealth discovery. They further dispute, if she is required to do so, whether the Plaintiff's evidence should meet any required threshold.

Some courts require a threshold showing before permitting wealth discovery for punitive damages purposes; some do not. See, e.g., 1 Punitive Damages: Law and Practice 2d § 9:9 (2017 ed.); 2 Modern Tort Law: Liability and Litigation § 21:52 (2d ed.); 1 Stein on Personal Injury Damages Treatise § 4:57 (3d ed.); and Annotation, 32 A.L.R. 4th 432, Necessity of determination or showing of liability for punitive damages before discovery or reception of evidence of defendant's wealth.

Shortly after the parties briefed this matter, Ms. Heller filed a partial summary judgment motion addressing Ms. Moorby's entitlement to punitive damages. The motion is not ripe but soon will be. The court then will determine whether there is any triable issue on punitive damages. The result will be helpful in ruling on this motion. At this time, the court declines to adopt any particular "rule" or perceived best practice regarding threshold showings.

The court therefore denies the motion to compel at this time. It may be renewed after the court rules on Ms. Heller's summary judgment motion. The scheduling order may be modified at that time to extend time for wealth discovery if appropriate.

Dated at Montpelier, Vermont this _____ day of January 2018.

_____
Mary Miles Teachout
Superior Judge